IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH FINN, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | No. 15-4658 |
| v. | : | |
| | : | |
| GREAT PLAINS LENDING, LLC, | : | |
|     Defendant. | : | |

**February_23_, 2016**                                                                                                  **Anita B. Brody, J.**

### MEMORANDUM

Plaintiff Keith Finn brings suit against Defendant Great Plains Lending, LLC ("Great Plains") for alleged violations of the Telephone Consumer Protection Act ("TCPA"). I exercise subject matter jurisdiction over Finn's suit pursuant to 28 U.S.C. § 1331. Great Plains moves to dismiss this action for lack of subject-matter jurisdiction under Federal Rule of Procedure 12(b)(1); lack of personal jurisdiction under Federal Rule of Procedure 12(b)(2); improper venue under Federal Rule of Civil Procedure 12(b)(3); and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

"[T]here is no unyielding jurisdictional hierarchy." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999). "In appropriate circumstances . . . a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). Based on the straightforward nature of the personal jurisdiction analysis and the more arduous subject-matter jurisdiction inquiry, I turn directly to personal jurisdiction. *See Ruhrgas*, 526 U.S. at 587-88 (holding that it was appropriate for a court to address a "straightforward personal jurisdiction issue" without first

1

conducting an "arduous inquiry" into subject-matter jurisdiction that "raise[d] a difficult and novel question"). For the reasons set forth below, I will grant Great Plains' motion to dismiss for lack of personal jurisdiction.

## I.  BACKGROUND

In or around November 2014, Great Plains began calling Finn, for non-emergency purposes, on his cell phone. Compl. ¶¶ 12, 14. In making these calls, Great Plains used an automatic telephone dialing system and automatic and/or pre-recorded messages. *Id.* ¶ 13. In late November 2014, Finn told Great Plains to stop calling him on his cell phone, thereby revoking any consent previously given to Great Plains to call his cell phone. *Id.* ¶ 15. Despite Finn's revocation of consent, Great Plains continued to call him on his cell phone. *Id.* ¶ 17. On August 17, 2015, Finn filed this action against Great Plains, alleging violations of the TCPA. *See id.*

Finn is a resident of Longwood, Florida. *Id.* ¶ 5. Great Plains is "a wholly owned corporate entity of the [Otoe-Missouria] Tribe and an arm of the Tribe, engaged in the business of consumer financial services." Def.'s Resp. Decl. of John Shotton ¶ 7 [hereinafter Shotton Decl.]. The Tribal Council established Great Plains pursuant to the Otoe-Missouria Tribe of Indians Limited Liability Act. *Id.* The Tribe is the sole member of Great Plains. Def.'s Mot. Ex. D ¶ 1.1j. Great Plains' principal place of business and principal office is 8151 Highway 177, Red Rock, Oklahoma 74651.[1] *Id.* ¶¶ 1.3-1.4.

---

[1]   Finn pleads in his Complaint that Great Plains "maintains its principle [sic] place of businesses at 1050 East 2nd Street, Box 500, Edmond, Oklahoma and P.O. Box 42906, Philadelphia 19101." Compl. ¶ 7. However, a corporation can have only one principal place of business. *Metro. Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1223 (7th Cir. 1991); *Nusire v. Bristol W. Ins. Co.*, No. 15-2014, 2015 WL 5783688, at *2 (E.D. Pa. Oct. 5, 2015); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("'[P]rincipal place of business' is best read as referring to *the place* where a corporation's officers direct, control, and coordinate the corporation's activities." (emphasis added)). The pleading is deficient and cannot be accepted as true because it lists two principal places of business. *See J & R Ice Cream Corp. v.*

2

"Great Plains conducts business from the Tribe's lands in Oklahoma. Neither the Tribe nor Great Plains has any presence in Pennsylvania or conducts any business from there." Shotton Decl. ¶ 11.  Great Plains states on its website that loan payments can be mailed to P.O. Box 42906, Philadelphia, Pennsylvania 19101 ("P.O. Box").  Pl.'s Resp. Ex. I.  The Pennsylvania P.O. Box address is owned and utilized by a third-party vendor, and Great Plains does not maintain it.  Shotton Decl. ¶ 11.

## II.  LEGAL STANDARD

When a defendant moves to dismiss a lawsuit for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the facts that establish jurisdiction.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).  "[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper."  *Id.* (internal quotation marks omitted).  If a district court does not hold an evidentiary hearing, the plaintiff must only establish a prima facie case of personal jurisdiction.  *Id*.  Moreover, a court must accept the plaintiff's allegations as true and construe all factual disputes in the plaintiff's favor.  *Id*.

## III.  DISCUSSION

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."  *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) (citing Fed. R. Civ. P.

---

*California Smoothie Licensing Corp.*, 31 F.3d 1259, 1265 n.3 (3d Cir. 1994) ("The complaint stated that CSLC had 'a' principal place of business in New Jersey, leaving open the possibility that it had 'its' principal place of business in Florida. Thus, the complaint did not properly plead diversity jurisdiction.").

Moreover, the pleading that Great Plains has a principal place of business at a Pennsylvania P.O. Box is also deficient because "a P.O. box may not serve as a principal place of business as it is not where a corporation's officers direct, control, and coordinate the corporation's activities." *Spencer v. Pocono Int'l Raceway, Inc.*, No. 12-1050, 2012 WL 2050168, at *2 (M.D. Pa. June 6, 2012); *see also Smith v. Kroesen*, No. 10-5723, 2013 WL 6187229, at *2 (D.N.J. Nov. 26, 2013).

Furthermore, Finn does not contend that Pennsylvania is Great Plains' principal place of business in his response to Great Plains' motion to dismiss.

4(k)(1)(A)). Pennsylvania's long-arm statute provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). Accordingly, "[t]he Due Process Clause of the Fourteenth Amendment sets the outer boundaries of [Pennsylvania's] authority to proceed against a defendant." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). In order for a court to exercise personal jurisdiction over an out-of-state defendant, due process requires that the defendant have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Finn only contends that this Court has general jurisdiction over Great Plains.[2] "As th[e] Court has increasingly trained on the 'relationship among the defendant, the forum, and the litigation,' *i.e.*, specific jurisdiction, general jurisdiction has come to occupy a less dominant place in the contemporary scheme." *Daimler*, 134 S. Ct. at 758 (footnote omitted) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). Accordingly, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* at 760.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."

---

[2] A court exercises specific jurisdiction over a defendant when the "suit aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). Finn does not allege that his suit arises out of or relates to Great Plains' contact with Pennsylvania.

*Goodyear*, 131 S. Ct. at 2851.  The paradigm forums, in which a corporation is reasonably regarded as at home, are the place of incorporation and the principal place of business.  *Daimler*, 134 S. Ct. at 760.  "[I]n an exceptional case, a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State."  *Id.* at 761 n.19 (citation omitted).  However, "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business . . . , is unacceptably grasping."  *Id.* at 761 (internal quotation marks omitted).

Pennsylvania is neither Great Plains' place of incorporation nor its principal place of business.[3]  The only connection that Great Plains has to Pennsylvania is a Pennsylvania P.O. Box that a third-party vendor operates, which appears on Great Plains' website as the address to mail loan payments.  The Pennsylvania P.O. Box is insufficient to warrant this Court's exercise of general jurisdiction over Great Plains because it does not render Great Plains essentially at home in Pennsylvania.[4]

---

[3] While Great Plains is an LLC and not a corporation, the reasoning of *Daimler* applies with equal force. Although the language of *Daimler* speaks only in terms of corporations, the subsidiary at issue in *Daimler* was Mercedes-Benz USA, LLC ("MBUSA").  *See Daimler*, 134 S. Ct. at 751.  In determining whether the United States District Court for the Northern District of California could exercise general jurisdiction over Daimler-Chrysler Aktiengesellschaft ("Daimler"), the Supreme Court concluded that the district court could not exercise general jurisdiction over Daimler because "neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there."  *Id.* at 761-62. Even though MBUSA is an LLC, the Court looked to MBUSA's place of incorporation and principal place of business to determine whether it was essentially at home in California and thus subject to general jurisdiction in the State.

[4] Finn contends that, prior to making a decision to dismiss, this Court should grant him "limited discovery relating to how often mail is received at the P.O. Box, what type of mail is received, how and where it is processed, and the time period during which the box has been used." Pl.'s Resp. 17.  Discovery regarding the P.O. Box would not alter the conclusion that Great Plains is not at home in Pennsylvania. Therefore, discovery is unwarranted, especially given the Supreme Court's admonition that general jurisdiction is "an issue that should be resolved expeditiously at the outset of litigation."  *Daimler*, 134 S. Ct. at 762 n.20.

## IV.  CONCLUSION

      For the reasons set forth above, I will grant Great Plains' motion to dismiss for lack of personal jurisdiction.

                                                    s/Anita B. Brody

                                                    _____

                                                    ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to:

Case 2:15-cv-04658-AB   Document 12   Filed 02/23/16   Page 6 of 6